IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOYODE LAWRENCE, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-13-3785 | |
| § | | |
| ELIZABETH SAENZ, Acting U.S. § | | |
| Marshal, Southern District of Texas, § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

Before the Court is the First Amended Application for Writ of Habeas Corpus [Doc. # 2] ("Application") of Petitioner Koyode Lawrence ("Lawrence"). Respondent Elizabeth Saenz ("Saenz" or "Respondent") has not filed a Response to the Application.[1]

Lawrence is currently being detained at the Joe Corley Detention Facility in Montgomery County, Texas. Application, at 1. Lawrence contends that the Extradition Treaty between the United States and Nigeria prohibits his custody and prosecution in this case because "the Extradition Order from Nigeria . . . only

---

[1] The docket sheet for this case incorrectly notes William Stephens, a state of Texas employee, as the respondent.

P:\ORDERS\11-2013\3785HCDismiss.wpd   140225.1309

authorizes his [t]rial for fraud related charges," whereas the United States is attempting to prosecute him on drug-related charges. *Id.*, at 2-3.

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").

The issue raised in the Application is identical to the issue raised by Lawrence in two motions to dismiss in a criminal proceeding filed by the United States against him, *United States v. Lawrence*, No. 4:03-cr-436-1 (the "Criminal Proceeding"). The Court denied both of those motions in a Memorandum and Order dated January 30, 2014. *See* Memorandum and Order [Criminal Proceeding Doc. # 532] (attached here as Exhibit A). The Court concluded that the Extradition Treaty between the United States and Nigeria had *not* been violated in Lawrence's case, because the extradition order which indicated Lawrence's extradition was on fraud-related charges was merely a Nigerian official's clerical error and that Lawrence had indeed been extradited on drug-related charges. *See id.*, at 6. For these same reasons, the Court concludes here that Lawrence's Application is without merit. Lawrence has shown

no violation of any provision of the "Constitution or laws or treaties of the United States."

It therefore is

**ORDERED** that Petitioner Koyode Lawrence's First Amended Application for Writ of Habeas Corpus [Doc. # 2] is **DENIED**, and this civil proceeding is **DISMISSED WITH PREJUDICE**.

A separate final order of dismissal will issue.

SIGNED at Houston, Texas, this **25th** day of **February, 2014**.

Nancy F. Atlas
United States District Judge